# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 12, 2021

Lyle W. Cayce
Clerk

No. 21-40096
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MARCELINO ANTONIO-CALLEJA,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:19-CR-2111-1

Before SMITH, STEWART, and GRAVES, *Circuit Judges*.

PER CURIAM:*

Marcelino Antonio-Calleja appeals his 135-month prison sentence following his guilty plea conviction for conspiring to possess with the intent to distribute five kilograms or more of cocaine. He contends that the district court erroneously denied his downward departure requests under

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-40096

U.S.S.G. § 5K2.16, p.s., which relates to the voluntary disclosure of an offense, and U.S.S.G. § 4A1.3(b), p.s., which relates to the inadequacy of a criminal history category.

We have jurisdiction to review the denial of a downward departure only if "the district court's denial resulted from a mistaken belief that the Guidelines do not give it authority to depart." *United States v. Tuma*, 738 F.3d 681, 691 (5th Cir. 2013). Antonio-Calleja contends that the district court was under the mistaken belief that the requested § 5K2.16 departure was not legally permitted; however, the record indicates that the district court instead determined that a § 5K2.16 departure was not supported by the facts of this case. *See United States v. Brace*, 145 F.3d 247, 263 (5th Cir. 1998) (holding that we lack jurisdiction where the district court determines that a departure is not warranted on the facts of the case). With respect to his § 4A1.3(b) departure request, Antonio-Calleja does not contend that the district court misapprehended its authority to depart, and there is no such indication in the record. *See United States v. Valencia-Gonzales*, 172 F.3d 344, 346 (5th Cir. 1999) (requiring "something" in the record indicating that the district court held the erroneous belief) (internal quotation marks and citation omitted). Accordingly, we lack jurisdiction to review the district court's denial of Antonio-Calleja's departure requests under § 5K2.16 and § 4A1.3(b). *See Tuma*, 738 F.3d at 691.

With respect to his unpreserved argument that the district court failed to explicitly rule on, or offer a reason for denying, his request for a § 4A1.3(b) departure, Antonio-Calleja has failed to show reversible plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). By imposing a sentence within the guidelines range calculated with the assigned criminal history category, the district court implicitly denied his request for a downward departure to a lower criminal history category. *See United States v. Hernandez*, 457 F.3d 416, 424 (5th Cir. 2006) (rejecting a failure-to-rule

No. 21-40096

argument where the district court implicitly denied departure requests). Even if it is assumed arguendo that the district court clearly erred by failing to adequately explain its reasons for denying his § 4A1.3(b) downward departure request, Antonio-Calleja has not established that his substantial rights were thereby affected. *See Mondragon-Santiago*, 564 F.3d at 365 (holding that there was no effect on a defendant's substantial rights where he failed to show that a proper explanation would have changed his within-guidelines sentence).

The judgment of the district court is AFFIRMED.